IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES R. BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>P. SCOTT NEVILLE, JR., *individually and in his official capacity as Chief Justice of the Illinois Supreme Court*, MARY JANE THEIS, *individually*, DAVID K. OVERSTREET, *individually and in his official capacity as Justice of the Illinois Supreme Court*, LISA HOLDER WHITE, *individually and in her official capacity as Justice of the Illinois Supreme Court*, JOY V. CUNNINGHAM, *individually and in her official capacity as Justice of the Illinois Supreme Court*, ELIZABETH M. ROCHFORD, *individually and in her official capacity as Justice of the Illinois Supreme Court*, MARY K. O'BRIEN, *individually and in her official capacity as Justice of the Illinois Supreme Court*, and SANJAY T. TAILOR, *in his official capacity as Justice of the Illinois Supreme Court*,<br><br>    Defendants. | Case No. 26-cv-1825<br><br>**Complaint** |

## INTRODUCTION

1. This case challenges the unilateral removal of a sitting judge by the justices of the Illinois Supreme Court, who bypassed due process and free speech protections to terminate Judge James R. Brown in retaliation for an op-ed he authored as a private citizen before taking the bench that some people in the legal community did not like.

1

2. After eighteen years of judicial service and five years in retirement, Judge James R. Brown answered an urgent call for retired Illinois judges to return to the bench to fill vacancies in the Cook County Circuit Court. After reviewing Judge Brown's resume and statement of interest, the Illinois Supreme Court assigned him to duty as a judge in the Cook County Circuit Court.

3. Yet, just six weeks after appointing him back to the bench, the Illinois Supreme Court removed Judge Brown from the Cook County Circuit Court in retaliation for an article he wrote as a private citizen while retired from the judiciary and weeks before he even applied to return.

4. Judge Brown received no notice and no hearing prior to his removal. Instead, he was informed of his removal by telephone.

5. Judge Brown seeks declaratory relief that vacating his judicial appointment violated his First and Fourteenth Amendment rights, a preliminary and permanent injunction reinstating him to the bench, and monetary damages.

## PARTIES

6. Plaintiff James R. Brown is an individual who resides in Scottsdale, Arizona and Chicago, Illinois.

7. Defendant P. Scott Neville, Jr. is the Chief Justice of the Illinois Supreme Court and is sued in both his individual capacity and his official capacity.

8. Defendant Mary Jane Theis is a former Justice of the Illinois Supreme Court and is sued solely in her individual capacity.

9. Defendant David K. Overstreet is a Justice of the Illinois Supreme Court and is sued in both his individual capacity and his official capacity.

10. Defendant Lisa Holder White is a Justice of the Illinois Supreme Court and is sued in both her individual capacity and her official capacity.

11. Defendant Joy V. Cunningham is a Justice of the Illinois Supreme Court and is sued in both her individual capacity and her official capacity.

12. Defendant Elizabeth M. Rochford is a Justice of the Illinois Supreme Court and is sued in both her individual capacity and her official capacity.

13. Defendant Mary K. O'Brien is a Justice of the Illinois Supreme Court and is sued in both her individual capacity and her official capacity.

14. Defendant Sanjay T. Tailor is a Justice of the Illinois Supreme Court and is sued solely in his official capacity.

## JURISDICTION AND VENUE

15. This case raises claims under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

16. Venue is proper because a substantial portion of the events giving rise to the claims occurred within the Northern District of Illinois in Cook County. 28 U.S.C. § 1391(b)(2).

## FACTS

**Judge Brown's Career as a Cook County Judge**

17. Judge Brown served as a Circuit Court Judge in Cook County, Illinois from December 2002 through December 2020.

18. During his time as a Circuit Court Judge in Cook County, Judge Brown adjudicated thousands of motions, trials, preliminary hearings, and bond hearings, and was recognized for courtroom efficiency, legal precision, and judicial temperament.

19. During his tenure, Judge Brown maintained a spotless judicial record with no disciplinary actions nor disqualifying events.

20. At Judge Brown's last judicial evaluation in 2014, every bar association in the Alliance of Bar Associations for Judicial Screening recommended that Judge Brown be retained. The Chicago Council of Lawyers rated him as "qualified" and noted that "Judge Brown is considered to be a diligent judge with a good demeanor . . . and is praised for being fair to all parties." The Chicago Council of Lawyers Evaluation Report is attached, in relevant part, as Exhibit 1, at 6.

21. Judge Brown retired in December 2020.

**Judge Brown's Protected Speech**

22. On September 5, 2025, Judge Brown published an opinion column on the John Kass News blog discussing the political use of the legal system against President Donald Trump. This column is attached as Exhibit 2.

23. On September 29, 2025, Judge Brown appeared for an interview on the John Kass podcast to discuss his opinion column and related topics.[1]

**Judge Brown's Reappointment to the Bench**

---

[1] The September 29, 2025, episode of the podcast on which Judge Brown appeared is available at https://podcasts.apple.com/us/podcast/chicago-way-w-john-kass-a-retired-judge-on-how-a/id1081158077?i=1000729186834

4

24. The Illinois Supreme Court has authority to "assign a Judge temporarily to any court." Ill. Const., art. VI, § 16.

25. Retired judges may be assigned by the Illinois Supreme Court to judicial service. Ill. Const., art. VI § 15(a).

26. On September 22, 2025, Judge Brown received an email from the Illinois Judges Association calling for retired Illinois Circuit Court and Appellate Court judges to apply for temporary recall appointments to fill twelve judicial vacancies in the Circuit Court of Cook County. This recall notice is attached as Exhibit 3.

27. The recall notice stated the positions would likely be in traffic court, municipal court, or other high-volume Circuit Court courtrooms.

28. To apply, retired judges were directed to submit a statement of interest and a resume of the applicant's judicial experience by October 13, 2025.

29. The recall notice listed the salary for a Circuit Court judge as $258,158.

30. The recall notice stated pensions for judges recalled from retirement are suspended.

31. The recall notice stated all timely applications would be sent to the Illinois Supreme Court for review and consideration.

32. The recall notice stated that three Illinois Supreme Court justices from Cook County would review the applications and make the judicial appointments.

33. Judge Brown submitted his resume and cover letter on October 3, 2025—four weeks after Judge Brown's op-ed was published and nearly a week after his podcast appearance. Exhibit 4.

5

34. Judge Brown had no interview and no further communication with the Illinois Supreme Court until he was informed by email that he had been selected as a recall judicial appointment.

35. By an order entered on December 11, 2025, the Illinois Supreme Court assigned Judge Brown to a one-year recall term in the Circuit Court of Cook County beginning December 15, 2025, and terminating on December 7, 2026. This order is attached as Exhibit 5.

36. Judge Brown began his term on December 15, 2025, hearing cases primarily in Cook County Traffic Court.

**Judge Brown's Termination**

37. On December 29, 2025, the Cook County Bar Association published a statement opposing Judge Brown's assignment to the Circuit Court. Attached as Exhibit 6.

38. The Cook County Bar Association asserted that Judge Brown's opinion column and statements on the podcast ran afoul of the Illinois Code of Judicial Conduct and "demonstrate[d] a lack of civility, character, and sensitivity to diversity, while underscoring critical questions on whether he can fairly and impartially uphold the rule of law as a sitting judge serving the citizens of Cook County."

39. On January 5, 2026, Chicago Council of Lawyers wrote an open letter to the Illinois Supreme Court requesting that it "exercise [its] discretion to reverse an order you entered on December 11, 2025 recalling [Judge Brown] to the bench for a

6

year." The letter pointed to the Judge Brown's opinion column, arguing that "the stated views reflected bias and prejudice on race, gender, sexual orientation, and socioeconomic status." The Chicago Council of Lawyers letter is attached as Exhibit 7.

40. On January 26, 2026, without any prior notice, Judge Brown was told via phone call from Cook County Circuit Court Chief Judge Charles Beach that his appointment was revoked and he would no longer serve as a judge on the Cook County Circuit Court.

41. By an order dated January 26, 2026, the Illinois Supreme Court unilaterally vacated Judge Brown's assignment as a sitting judge in the Circuit Court of Cook County. This order is attached as Exhibit 8.

42. The Illinois Supreme Court's order vacating Judge Brown's assignment was accompanied by an unsigned statement acknowledging that Judge Brown was removed from the bench because of his speech made in retirement as a private citizen.[2]

43. Judge Brown was offered no pre-termination hearing.

44. Judge Brown was offered no post-termination hearing.

---

[2] The Illinois Supreme Court's unsigned statement is referenced in multiple news stories. *E.g.* Melissa Dai, *Cook County judge removed after rebuke of conspiracy-filled blog post*, Chicago Sun Times (Jan. 27, 2026, 5:08 PM), https://chicago.suntimes.com/news/2026/01/27/illinois-supreme-court-removes-cook-county-judge-james-brown-rebuke-conspiracy-filled-blog-post; Ryan Boyson, *Ill. Judge Removed For Column Stating Pro-Trump Opinions*, Law360 (Jan. 27, 2026 4:02PM EST), https://www.law360.com/articles/2434759/ill-judge-removed-for-column-stating-pro-trump-opinions.

7

45. Judge Brown received no written notice of his termination other than a letter informing him that he had been overpaid in the pay period in which he was terminated.

## COUNT I

**Defendants violated Judge Brown's Fourteenth Amendment right to procedural due process when they fired him without any notice or hearing.**

46. Plaintiff incorporates the preceding paragraphs by reference.

47. The Due Process Clause of the Fourteenth Amendment requires government officials to follow fair and established procedures before depriving individuals of a property interest. *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976).

48. Procedural due process is violated when an individual (1) possesses a cognizable liberty or property interest; (2) that interest was deprived by some state action; and (3) that deprivation occurred without adequate procedures. *Galvan v. State*, 117 F.4th 935, 948 (7th Cir. 2024).

49. Judge Brown was appointed to a temporary recall judicial assignment with a one-year term by order of the Illinois Supreme Court.

50. Judge Brown holds a constitutionally protected property interest in his position as a Circuit Court judge.

51. The Constitution of the State of Illinois provides only two methods to remove a sitting judge: impeachment by the legislature or removal by the Courts Commission. Ill. Const., art. IV, § 14; art. VI, § 15.

52. The Courts Commission has the "authority after notice and public hearing to remove from office, suspend without pay, censure or reprimand a Judge or

8

Associate Judge for . . . conduct that is prejudicial to the administration of justice or that brings the judicial office into disrepute." Ill. Const., art. VI, § 15(e).

53. Complaints are referred to the Courts Commission by the Judicial Inquiry Board. Ill. Const., art. VI, § 15(e).

54. Judge Brown was not impeached by the legislature.

55. No complaint about Judge Brown was formally referred to the Courts Commission by the Judicial Inquiry Board.

56. Judge Brown received no notice prior to his removal. Instead, he was unceremoniously fired by phone call and a one-sentence order by the Illinois Supreme Court.

57. Judge Brown was not afforded notice or public hearing at the Illinois Courts Commission. The Courts Commission played no role in Judge Brown's removal.

58. Judge Brown received no hearing of any type in front of any adjudicating body prior to or after his removal from the Cook County Circuit Court.

59. To be protected from personal liability by judicial immunity, judges must have acted within their subject matter jurisdiction. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011).

60. The justices on the Illinois Supreme Court clearly lacked the authority and subject matter jurisdiction to circumvent the removal procedures prescribed by the Illinois Constitution and unilaterally remove Judge Brown, a sitting judge.

9

61. Authority to remove sitting judges lies with the Courts Commission and Illinois legislature.

62. The unilateral removal of Judge Brown by the justices of the Illinois Supreme Court constitutes usurped authority to take such action.

63. To be protected from personal liability by judicial immunity, judges must have acted within their judicial capacity. *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989).

64. Whether the action in question was taken within a judge's judicial capacity includes analysis of whether the act is normally performed by a judge, the party's interactions with the judge, and expectations of the parties. Stump v. Sparkman, 435 U.S. 349, 362 (1978).

65. In Illinois, removal of sitting judges is normally performed by the Illinois Courts Commission or the Illinois legislature as prescribed by the Illinois Constitution. Removal is not normally performed by justices on the Illinois Supreme Court.

66. Judge Brown had de minimis interaction with the Illinois Supreme Court throughout the recall process and his subsequent removal.

67. Judge Brown expected any removal to be conducted in accordance with the procedures prescribed by the Illinois Constitution.

68. The individual Defendant Illinois Supreme Court justices acted outside their judicial capacity by unilaterally removing Judge Brown from the Cook County Circuit.

69. The individual Defendant Illinois Supreme Court justices are not entitled to absolute judicial immunity for denying Judge Brown due process.

70. When a state officer performs acts under authority he does not have, a suit may be maintained against the officer and is not an action against the state of Illinois. Sovereign immunity does not apply. *Murphy v. Smith*, 844 F.3d 653, 658 (7th Cir. 2016) (citing *Healey v. Vaupel*, 133 Ill. 2d 295, 309 (1990)).

71. Despite the specific and clear removal processes established by the Illinois Constitution, Judge Brown's removal lacked the minimum requirements of due process under the United States Constitution.

## COUNT II

**Defendants retaliated against Judge Brown because he exercised his First and Fourteenth Amendment free speech rights before he applied for a recall position.**

72. Plaintiff incorporates the preceding paragraphs by reference.

73. The First Amendment, applicable to the states through the Fourteenth Amendment, protects public employees when speaking as private citizens on matters of public concern. *Garcetti v. Ceballos,* 547 U.S. 410, 417 (2006).

74. The Illinois Code of Judicial Conduct "establishes standards for the ethical conduct of judges and judicial candidates." Ill. S. Ct. Code of Judicial Conduct of 2023, Preamble and Scope ¶ 3.

75. A judicial candidate is one "seeking selection for or retention in judicial office by election or appointment." Ill. S. Ct. Code of Judicial Conduct of 2023, Terminology.

11

76. "A person becomes a candidate for judicial office as soon as such person makes a public announcement of candidacy; declares or files as a candidate with the election or appointment authority; authorizes or, where permitted, engages in solicitation or acceptance of contributions or support; or is nominated for election or appointment to office." Ill. S. Ct. Code of Judicial Conduct of 2023, Terminology.

77. At the time Judge Brown wrote and published his opinion column, he was neither an active judge nor judicial candidate and therefore not subject to the Illinois Code of Judicial Conduct.

78. At the time Judge Brown appeared on the Kass podcast, he was neither an active judge nor judicial candidate and therefore not subject to the Illinois Code of Judicial Conduct.

79. Judge Brown wrote his opinion column and made his podcast appearance as a private citizen.

80. Political speech is a matter of public concern in the First Amendment context. *Zorzi v. Cnty. of Putnam*, 30 F.3d 885, 896 (7th Cir. 1994).

81. Judge Brown's article and his discussion on the Kass podcast focused on political matters—primarily the political use of the legal system against President Trump.

82. Judge Brown's speech was regarding a matter of public concern.

83. Defendants appointed Judge Brown to a recall position based on his nearly two-decade history of fulfilling his duties as a Circuit Court Judge honorably and within the confines of the Illinois Code of Judicial Conduct.

84. During Judge Brown's short time on the bench during his recall term, there was no breakdown of judicial efficiency. No litigants or attorneys before Judge Brown made complaints regarding Judge Brown's bias, political ideology, or impartiality in the Cook County Traffic Court.

85. The Cook County Bar Association and the Chicago Council of Lawyers complained to the Supreme Court purely about Judge Brown's First Amendment protected speech made when he was a private citizen.

86. The speech was publicly available on the internet during the pendency of Judge Brown's application for recall to the Circuit Court.

87. Subsequently, Defendants vacated Judge Brown's appointment with no notice, without indication of any wrongdoing, and without the process prescribed by the Constitution of the State of Illinois.

88. The Illinois Supreme Court's January 26 unsigned statement admits that Judge Brown's public statements made in retirement were the motivating factor for vacating his judicial appointment.

89. Vacating Judge Brown's judicial appointment was retaliation for Judge Brown's First Amendment protected speech made as a private citizen before applying for a recall judicial appointment.

90. Individual Defendant Illinois Supreme Court justices are not entitled to absolute judicial immunity for retaliating against Judge Brown for his protected speech made as a private citizen.

## COUNT III

**Alternatively, application of the Illinois Code of Judicial Conduct to limit the speech of a retired judge violates the First Amendment.**

91. Plaintiff incorporates the preceding paragraphs by reference.

92. Application of the Illinois Code of Judicial Conduct to retired judges chills free speech of a sizeable population of private citizens in violation of the First Amendment.

93. When the government chills potential speech of a large number of people on a multitude of issues, the state carries a heavy burden. The state "must show that the interests of both potential audiences and a vast group of present and future employees in a broad range of present and future expression are outweighed by that expression's necessary impact on the actual operation of the Government." *United States v. Nat'l Treasury Emps. Union*, 513 U.S. 454, 468 (1995) (cleaned up).

94. There is a sizable number of retired judges in Illinois. Since January 2019 alone, at least 320 judges have retired from the Illinois judiciary.[3]

95. Application of the Illinois Code of Judicial Conduct to Judge Brown and all retired Illinois judges forces a stark choice: refuse to speak on any matters of public concern during retirement or exercise one's First Amendment right and foreclose any future opportunity to return to the bench.

---

[3] The cumulative number of retirements reported in the Illinois State Bar Association's Bench & Bar Newsletter "Recent Appointments and Retirements" section since January 2019. This number excludes the September 2024 issue that is not publicly accessible. Each newsletter is accessible at https://www.isba.org/sections/bench/newsletter.

96. Judge Brown's speech made during his retirement did not impact the operation of the Cook County Traffic Court.

97. Judge Brown did not link his speech to his temporary assignment on the Cook County Traffic Court bench. He had not even applied for temporary assignment, so to do so was impossible.

98. In his time presiding in Cook County Traffic Court, no complaints nor allegations of bias or partiality were filed against Judge Brown.

99. Vacating Judge Brown's temporary appointment through application of the Illinois Code of Judicial Conduct to speech made before his application to return to the bench exemplifies an unconstitutional prior restraint on speech.

100. Application of the Illinois Code of Judicial Conduct to speech of retired Illinois judges violates the First Amendment.

101. The individual Defendant Illinois Supreme Court justices are not entitled to absolute judicial immunity for applying the Illinois Code of Judicial Conduct to a retired judge in violation of the First Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

A. Under Counts I, II, and III, a preliminary injunction ordering Defendants in their official capacities to restore Judge Brown to his position as Cook County Circuit Court Judge for the duration of this litigation;

B. Under Counts I, II, and III, a permanent injunction ordering Defendants in their official capacities to restore Judge Brown to his position as Cook County Circuit Court Judge for the remainder of his term;

C. Under Count I, a declaratory judgment that Defendants violated Judge Brown's right to procedural due process under the Fourteenth Amendment;

D. Under Count II a declaratory judgment that Defendants violated the First Amendment by retaliating against Judge Brown by removing him from the bench based on speech he made as a private citizen before he was appointed as a judge;

E. Under Count III a declaratory judgment that application of the Illinois Code of Judicial Conduct to the speech of retired judges violates the First Amendment;

F. Under Counts I, II, and III, monetary damages against Defendants in their individual capacities for Judge Brown's lost wages as a recalled Cook County Circuit Court judge, Judge Brown's lost appreciated pension value, and related economic loss;

G. Attorney's fees and costs as a prevailing party under Counts I, II, and III pursuant to 42 U.S.C. § 1988; and

H. All further relief that the Court deems just, proper, or equitable.

Dated: February 18, 2026

          Respectfully submitted,

          /s/ Jeffrey M. Schwab

          Jeffrey M. Schwab
          IL Bar No. 6290710
          Brendan J. Philbin*
          PA Bar No. 307276
          Liberty Justice Center
          7500 Rialto Blvd.
          Suite 1-250
          Austin, Texas 78737
          512-481-4400
          jschwab@ljc.org
          bphilbin@libertyjusticecenter.org

          *pro hac vice admission forthcoming*

          *Counsel for Plaintiff*