**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES R. BROWN, | ) |
| | ) Case No. 1:26-cv-1825 |
| Plaintiff, | ) |
| | ) Judge Edmond E. Chang |
| v. | ) |
| | ) Magistrate Judge Jeannice W. Appenteng |
| P. SCOTT NEVILLE, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING
THE AVAILABILITY OF STATE COURT REMEDY**

At oral argument on Plaintiff's motion for preliminary injunction and in the Court's subsequent order, the Court directed the parties to submit short supplemental briefs "addressing whether the Illinois Court of Claims (or another part of the Illinois court system) has jurisdiction to consider the claims brought in this case and to impose money damages against the State of Illinois." Dkt. 25. Defendants, by their attorney, Kwame Raoul, Attorney General of Illinois, accordingly submit the following supplemental brief.

**I. An Illinois Circuit Court Would Have Jurisdiction to Hear Plaintiff's Claims and Could Award Money Damages on Plaintiff's Individual Capacity Claims.**

Federal and state courts have concurrent jurisdiction over Section 1983 suits for damages against state officials in their individual capacities. *See, e.g., Allen v. McCurry*, 449 U.S. 90, 99 (1980) ("Congress realized that in enacting § 1983 it was altering the balance of judicial power between the state and federal courts. But in doing so, Congress was adding to the jurisdiction of the federal courts, not subtracting from that of the state courts.") (cleaned up); *Behavioral Inst. of Ind. v. Hobart Common Council*, 406 F.3d 926, 932 (7th Cir. 2005) (accord); *Welch v. Johnson*, 907 F.2d 714, 722 n.8 (7th Cir. 1990) (accord) (citing *Martinez v. California*, 444 U.S. 277, 283

n. 7 (1980)). Illinois courts agree. *See, e.g., Alberty v. Daniel,* 323 N.E.2d 110, 114 (Ill. App. 1st Dist. 1974) ("[T]he courts of the State of Illinois have concurrent jurisdiction with the Federal courts to hear claims founded upon alleged violations of 42 U.S.C. § 1983."); *Bohacs v. Reid*, 379 N.E.2d 1372, 1376 (Ill. App. 2d Dist. 1978) (accord); *Tampam Farms v. Supervisor of Assessments*, 649 N.E.2d 87, 91 (Ill. App. 2d Dist. 1995) (accord). Where a case is not otherwise dismissed, a circuit court plaintiff has a right to a trial by jury. *See, e.g., Kakos v. Butler,* 63 N.E.3d 901, ¶ 14 (Ill. 2016).

However, in state court as in federal court, the State of Illinois is not a "person" amenable to suit under Section 1983. *Kucinsky v. Pfister*, 162 N.E.3d 426, ¶ 46 (Ill. App. 3d Dist. 2020) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Nor is a state official acting in her official capacity where the Plaintiff seeks monetary damages. *Id.*

Accordingly, to seek compensatory damages in an Illinois circuit court, Plaintiff would need to establish that his damages claims are truly against Defendants in their individual capacities, and not against the State.[1] But the circuit courts have the jurisdiction to hear such claims.

## II. The Illinois Court of Claims Cannot Impose Liability Upon the State for the Actions of Elected Officials and Cannot Hear Section 1983 Claims.

The Court of Claims has jurisdiction to award damages against the State of Illinois and its agencies—but not individuals. *See* Court of Claims Act, 705 ILCS 505/8. Moreover, the Court of Claims only has jurisdiction as to the claims enumerated in the Court of Claims Act. These include, *inter alia*, claims based upon a state statute (705 ILCS 505/8(a)), claims based on a contract with the State (*id.* at § 8(b)), and tort claims (*id.* at § 8(d)). Accordingly, "federal and state constitutional issues are outside the jurisdiction of the Court of Claims" (*Michaelis v. Ill. Dep't of Mental Health*

---

[1] For clarity, Defendants do not hereby waive any defenses or immunities they may have in state court, including without limitation judicial immunity, qualified immunity, and Plaintiff's failure to state a claim.

*& Developmental Disabilities*, 61 Ill. Ct. Cl. 270, 272 (2008)), as are claims brought under federal

statutes (*Ziegler v. State*, 55 Ill. Ct. Cl. 405, 407 (2002)). To bring a claim against the State of

Illinois in the Court of Claims, Plaintiff would need to articulate a claim within the bounds of the

Court of Claims Act (705 ILCS 505/8), which his present claims are not.[2]

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

By: */s/ Lee Stark*
    Lee Stark
    Assistant Attorney General
    Office of the Attorney General
    115 S. LaSalle St.
    Chicago, IL 60603
    (224) 278-8343
    Lee.stark@ilag.gov

    *Counsel for Defendants*

---

[2] Again, Defendants do not waive any available defenses or immunities that may be available in the Court of Claims, including without limitation judicial immunity and public official immunity, which would carry to the State. *See*, *e.g., Sherry v. State*, 55 Ill. Ct. Cl. 437 (2002).

3