IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES R. BROWN, | |
| Plaintiff, | Case No. 1:26-cv-1825 |
| v. | Hon. Edmond E. Chang |
| P. SCOTT NEVILLE, JR., *et al.,* | |
| Defendants. | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF ON THE JURISDICTION OF
THE ILLINOIS COURT OF CLAIMS**

**INTRODUCTION**

On May 6, 2026, this Court ordered briefs whether the Illinois Court of Claims

or another Illinois court has jurisdiction to hear the claims brought in this case and

impose money damages. (Min. Ord., May 6, 2026, ECF No. 25). The Illinois Court of

Claims lacks jurisdiction because Defendants violated the United States

Constitution and acted outside of the scope of their authority. While the Illinois'

state circuit court would have jurisdiction to hear Judge Brown's claims, these

claims would ultimately be appealed to the Illinois Supreme Court where

defendants would sit in judgement of their own acts.

1

## ARGUMENT

**I. The Illinois Court of Claims lacks jurisdiction to hear Judge Brown's federal constitutional claims.**

**A. The Illinois Court of Claims is a court of limited jurisdiction.**

"The Court of Claims is not a court of general jurisdiction." *Gass v. State*, 44 Ill. Ct. Cl. 186, 196 (1990). The Court of Claims "is a creature of Illinois statute" with a "limited jurisdiction" that extends to "solely what the General Assembly has granted by law." *Ziegler v. State*, 55 Ill. Ct. Cl. 405, 407 (2002). "If a subject matter is not enumerated or encompassed by the jurisdictional grant in [the Court of Claims'] enabling Act ([Section] 8, Court of Claims Act; 705 ILCS 505/8), and if jurisdiction over that subject is not granted by another Illinois statute, that subject does not lie within [the Court of Claims'] adjudicatory jurisdiction to hear and determine claims … against the State." *Id.* Neither the Court of Claims Act nor other Illinois statute grants the Court of Claims jurisdiction over Judge Brown's claims. Nor can the Court of Claims grant Judge Brown the full scope of his relief sought, as it "lacks equitable power to grant an injunction." *Dugan v. State*, 65 Ill. Ct. Cl. 161, 164 (2012).

**B. Claims under the United States Constitution fall outside of the Illinois Court of Claims' jurisdiction.**

Judge Brown alleges violations of the United States Constitution pursuant to 42 U.S.C § 1983. (Compl., February 18, 2026, ECF No. 1). The Illinois Court of Claims "lacks jurisdiction to consider claims based upon a federal statute or the federal or state constitutions." *McDonald v. Adamson*, 840 F.3d 343, 346 (7th Cir. 2016)

(citing *Michaelis v. Ill. Dep't of Mental Health & Developmental Disability*, 61 Ill. Ct. Cl. 270, 272 (2008)). *See also Michaelis*, 61 Ill. Ct. Cl. at 272 ("The Court of Claims, being a Court of limited jurisdiction pursuant to statute, does not have subject matter jurisdiction to entertain claims based on federal statute . . . . Furthermore, federal and state constitutional issues are outside the jurisdiction of the Court of Claims.") (internal citations removed) (citing *Farrell v. State,* 52 Ill. Ct. Cl. 275 (2000); *Smart v. State,* 48 Ill. Ct. Cl. 38 (1996)). The Illinois Court of Claims lacks jurisdiction to hear Judge Brown's claims under the First and Fourteenth Amendments. *Id.* Likewise, the Illinois Court of Claims lacks jurisdiction over any hypothetical claims available under the Illinois Constitution. *Id.*

## II. The Illinois Court of Claims also lacks jurisdiction because Judge Brown's hypothetical claims in that forum are not against the State.

Defendants' *ultra vires* removal of Judge Brown is not an act of the State. "Whether an action is in fact one against the State and hence one that must be brought in the Court of Claims depends on the issues involved and the relief sought." *Leetaru v. Bd. of Trs. of the Univ. of Ill.*, 2015 IL 117485, ¶ 45 (citing *Healy v. Vaupel*, 133 Ill. 2d 295, 308 (1990); *Moline Tool Co. v. Dep't of Revenue*, 410 Ill. 35, 37 (1951); *Senn Park Nursing Ctr. v. Miller*, 104 Ill. 2d 169, 186 (1984); *City of Springfield v. Allphin*, 74 Ill. 2d 117, 124 (1978); *Sass v. Kramer*, 72 Ill. 2d 485, 490–91 (1978)). Acts beyond a state official's statutory authority are not acts of the state itself. *Id.* at ¶ 46. In *Leetaru*, the Illinois Supreme Court allowed an *ultra vires* claim against state university administrators to proceed outside of the Court of

3

Claims "[b]ecause sovereign immunity affords no protection when agents of the State have acted in violation of statutory or constitutional law or in excess of their authority." *Id.* at ¶ 50. The *Leetaru* plaintiff—a graduate student and former employee of the University of Illinois—had properly alleged that the administrators' actions went beyond their authority and was seeking to enforce the proper procedural requirement for student discipline. *Id.* at ¶¶ 1, 51.

Here, Defendants exceeded their authority by circumventing the Illinois Courts Commission to impose judicial discipline. *People ex rel. Harrod v. Ill. Cts. Comm'n*, 69 Ill. 2d 445, 466 (1977). Defendants' acts are not acts of the State. The Illinois Court of Claims lacks jurisdiction. 705 ILCS 505/8.

## III. Filing suit in any other Illinois state court ultimately results in Defendants judging their own actions.

The Illinois Circuit Court has jurisdiction over Judge Brown's claims. However, this hypothetical state court action would be adjudicated by state court judges over whom defendants exercise "administrative and supervisory authority." Illinois Const., Art. VI, § 16. Under the Illinois Code of Judicial Conduct, "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality[] might reasonably be questioned. . ." Ill. Code Jud. Conduct (2023), Canon 2, R. 2.11 (eff. May 17, 2023). "Impartiality" is defined as "absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge." Ill. Code Jud. Conduct (2023), Terminology. And litigation starting in the Illinois Circuit Court

4

leads only to one place: the Illinois Supreme Court where Defendants sit in judgment of their own actions.

## Conclusion

Judge Brown has no other option except this Court. The Illinois Court of Claims does not have jurisdiction. The Illinois Circuit Court results in Defendants judging themselves. Congress enacted 42 U.S.C. § 1983 to enforce Constitutional rights because state officials "might, in fact, be antipathetic to the vindication of those rights; and it believed that *these failings extended to the state courts.*" *Mitchum v. Foster*, 407 U.S. 225, 242 (1972) (emphasis added)." "The right of a party plaintiff to choose a federal court where there is a choice cannot be properly denied." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358–59 (1989) (citations omitted). It follows, then, that this right should not be denied when the only choice is federal court.

Dated: May 8, 2026

Respectfully submitted,

Brendan J Philbin

Jeffrey M. Schwab
Brendan J. Philbin*
PA Bar No. 307276
Liberty Justice Center
7500 Rialto Blvd.
Suite 1-250
Austin, TX 78737
512-481-4400
bphilbin@libertyjusticecenter.org

* *Admitted pro hac vice*

5

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically with the Court's Case Management/Electronic Case Filing (CM/ECF) system. The Court and/or Clerk of Court may serve and give notice to counsel by CM/ECF electronic transmission.

The 8th day of May 2026.

*Brendan J. Philbin*

Brendan J. Philbin*
LIBERTY JUSTICE CENTER
7500 Rialto Blvd.
Suite 1-250
Austin, TX 78735
(512) 481-4400
bphilbin@libertyjusticecenter.org

\* *Admitted pro hac vice*

*Counsel for Plaintiff*